MFD/ USAO 2018R00068

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 MAY 10 PM 4:23
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * CRIMINAL NO. DKC-18-0284 |
| v. | * |
| JOHN WESLEY ROBINSON, | * (Theft of Government Property, 18 U.S.C. § 641; Forfeiture Allegations) |
| Defendant | * |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant:

1. The Social Security Administration ("SSA") was an agency of the United States within the United States government that administered programs under the Social Security Act, Title 42, United States Code, Section 301, et seq. ("the Act"). These programs included the Old Age, Survivors, and Disability Insurance Program ("OASDI"), which paid monthly cash benefits to spouses of deceased individuals who worked and paid taxes to SSA. To be eligible for monthly cash benefits as the spouse of a deceased worker, a beneficiary must be at least 60 years of age, and the beneficiary's spouse must be a deceased individual who worked and paid a portion of their wages into the program.

2. A.R. was born in 1925, and her husband, J.R., died in 1974. A.R. was collecting OASDI benefits as A.R.'s widow when she died on September 20, 2010.

3. The defendant, **JOHN WESLEY ROBINSON** ("**ROBINSON**"), is the son of A.R. and J.R., and a resident of Windsor Mill, Maryland.

4. At the time of A.R.'s death, and continuing until SSA suspended payments in May 2017, SSA deposited A.R.'s benefit payments into an M&T Bank account in A.R.'s name by direct deposit.

5. After A.R. died, **ROBINSON** regularly withdrew the money and spent the benefit funds deposited by SSA.

6. After A.R.'s death, neither **ROBINSON** nor any other individual was entitled to OASDI benefits on A.R.'s behalf. Because SSA was not aware of A.R.'s death, SSA continued to make monthly payments of OASDI benefits to A.R.'s account by direct deposit until benefits payments were suspended in May 2017. At the time benefits were suspended in 2017, SSA was paying $972 per month in benefits. SSA paid a total of $75,312 in unauthorized benefits after A.R.'s death in 2010.

## The Charge

7. Between in or about October 2010 and in or about May 2017, in the District of Maryland, the defendant,

**JOHN WESLEY ROBINSON,**

did embezzle, steal, purloin, and knowingly convert to his use and the use of another, money of the United States, of a value exceeding $1,000, namely Social Security OASDI benefits, to which he was not entitled.

18 U.S.C. § 641

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. As a result of the offense set forth in Count One of the Indictment, the Defendant,

**JOHN WESLEY ROBINSON,**

shall forfeit to the United States any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of any such violation.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property, that is, $75,312.

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)

_____
Robert K. Hur
United States Attorney

**SIGNATURE REDACTED**

Foreperson
Date: May ___, 2018